```
                   UNITED STATES BANKRUPTCY COURT
                    EASTERN DISTRICT OF KENTUCKY
                         LEXINGTON DIVISION



IN RE:

ARC OF THE BLUEGRASS INC.

DEBTOR                                            CASE NO. 05-53773

ROBERT J. BROWN, TRUSTEE                                 PLAINTIFF

VS.                                              ADV. NO. 08-5045

BRANCH BANKING & TRUST
COMPANY, ET AL
```

**MEMORANDUM OPINION**

This matter is before the court on Plaintiff's Motion for Summary Judgment (DOC 12). A hearing was held on this matter on May 19, 2008, and the motion was not opposed. At the conclusion of the hearing, the court took the matter under submission. Since that hearing, a Report of Warning Order Attorney (DOC 17) has been filed.

This matter is submitted on the issue of whether Defendant Unity of Lexington Church, a named one-third beneficiary under the Isabel Deardorff Trust, should have that interest divided equally between the two remaining beneficiaries, Hunter Presbyterian Church of Lexington and Arc of the Bluegrass, Inc.

<u>Jurisdiction and Venue</u>. This action is brought pursuant to 28 U.S.C. § 2201, Fed. R. Civ. P. 57 and Bankruptcy Rule 7001 to seek a declaration as to the beneficiaries' entitlement to certain trust assets. This proceeding is further brought pursuant to 11 U.S.C. § 541 and 542 and Bankruptcy Rule 7001 to obtain turnover of property of the

estate held by Branch Banking and Trust, which property consists of control of an account holding trust funds belonging to the bankruptcy estate and others. This proceeding is further brought pursuant to 11 U.S.C. § 502 and Bankruptcy Rule 7001 to determine the allowed amount of the claim of Defendant Hunter Presbyterian Church of Lexington against the estate in bankruptcy.

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (E), and (O).

<u>Facts</u>. The facts are not in dispute.

On October 6, 1981, Emma Deardorff executed a last will and testament. The will and testament provided for the establishment of a trust for the maintenance and support of testatrix's daughter, Isabel Deardorff. The will and testament named Blue Grass Association for Retarded Citizens of Lexington, Kentucky as trustee. Blue Grass Association for Retarded Citizens of Lexington, Kentucky later became known as Arc of the Bluegrass, Inc., the Debtor herein.

The trust was for the benefit of Isabel Deardorff for life and upon her death the trust assets were to be equally divided among three beneficiaries: Blue Grass Association for Retarded Citizens of Lexington, Kentucky (nka Arc of the Bluegrass, Inc.), Hunter Presbyterian Church of Lexington, and Unity of Lexington Church, each of which was to receive one-third of the trust corpus.

On February 20, 1985, the will and testament of Emma Deardorff was admitted to probate and in May of 1986, Arc of the Bluegrass, Inc. was appointed trustee of the Isabel Deardorff Trust.

On April 26, 2005, Isabel Deardorff died.

On September 21, 2005, Arc of the Bluegrass, Inc. filed for bankruptcy protection. At the commencement of the underlying bankruptcy proceeding, defendant Branch Banking and Trust had possession and control of the assets which make up the Isabel Deardorff Trust.

On February 21, 2008, this adversary proceeding was filed.

On March 24, 2008, an Order Appointing Warning Order Attorney was signed. The appointment was made for the purpose of notifying Unity of Lexington Church of the pendency of the adversary proceeding. The warning attorney was directed to file a report of his efforts.

On June 4, 2008, a Report of Warning Order Attorney was filed. That report indicated that the warning attorney had attempted to serve Unity of Lexington Church by certified mail, return receipt, at two different locations on April 19, 2008. The report indicated that the warning attorney had not received a signed return receipt.

Conclusions of Law. Unity of Lexington Church is a named one-third beneficiary under the Isabel Deardorff Trust, but the warning attorney has not been able to successfully serve Unity of Lexington Church or any successor entity leading the court to conclude that it no longer exists. Thus the court has no reason to believe that the devise to Unity of Lexington Church is capable of taking effect.

 "Unless a contrary intention appears from the will, real or personal estate, comprised in a devise or bequest incapable of taking effect, shall be included in the residuary devise contained in the will." KRS § 304.500. Item II paragraph (g) of the Last Will and Testament of Emma Deardorff states "Upon the death of Isabel, I direct

that my residence be sold and the Trustee distribute the remaining principal and accrued income of the trust equally between the Hunter Presbyterian Church of Lexington, Kentucky, the Blue Grass Association for Retarded Citizens, and the Unity of Lexington Church at 386 Waller Avenue, Lexington, Kentucky, share and share alike."

Because the court has no reason to believe that the devise to Unity of Lexington Church is capable of taking effect, and the will and testament provides beneficiaries to take equal shares, the one-third beneficial interest of Unity of Lexington Church shall be equally divided between Arc of the Bluegrass, Inc. and Hunter Presbyterian Church.

This memorandum opinion includes the court's findings of fact and conclusions of law. A separate order shall be entered.

Copies to:

Daniel E. Hitchcock, Esq.
Robert J. Brown, Esq.
Christopher A. Conley, Esq.
James W. Gardner, Esq.
Ryan Atkinson, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*William S. Howard*
**Bankruptcy Judge
Dated: Wednesday, June 04, 2008
(wsh)**